UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANA  TREVINO, | ) | |
| JOSEPH  TREVINO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:15-cv-01358-JMS-DKL |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP also known | ) | |
| as WALMART NEIGHBORHOOD | ) | |
| MARKET; also known as WALMART | ) | |
| SUPERCENTER; also known as WALMART; | ) | |
| also known as WAL-MART | ) | |
| NEIGHBORHOOD MARKET; also known as | ) | |
| WAL-MART SUPERCENTER; also known as | ) | |
| WAL-MART, | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

On August 27, 2015, Defendants removed this case from state court to federal court, alleging that this Court can exercise diversity jurisdiction over Plaintiffs' action.  [Filing No. 1.] Because Defendants did not properly plead diversity jurisdiction, the Court cannot confirm that it has diversity jurisdiction at this time.

Plaintiffs sued six Walmart entities, but Defendants only pled the citizenship of two of those entities in the Notice of Removal, contending that the other four were "incorrectly sued." [Filing No. 1.]  Since Plaintiffs are "the masters of the complaint," *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002), Defendants cannot unilaterally decide which entities are the "proper" defendants.  Defendants bear the burden of demonstrating that federal jurisdiction is proper because they are the parties seeking to invoke it.  *Chase v. Shop 'N Save*

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Defendants have not met this burden, given that they did not plead jurisdictional allegations regarding four of the named parties.

Additionally, Defendants incorrectly pled the citizenship of Defendant Wal-Mart Stores East LP.  [Filing No. 1 at 1-2.]  The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543.  While Defendants properly pled the initial two layers of the unincorporated entities at issue, Defendants' jurisdictional allegations regarding Defendant Wal-Mart Stores East LP conclude with the assertion that the sole member at issue in that layer is Wal-Mart Stores East, LLC, which "is an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc." [Filing No. 1 at 1-2.]  Because Defendants did not plead the partners or members of Wal-Mart Stores East, LLC, they have failed to trace the citizenship of the unincorporated associations at issue through all of the layers of partners or members and, thus, have not properly pled the citizenship of Defendant Wal-Mart Stores East LP.

For these reasons, the Court **ORDERS** Defendants to conduct whatever investigation is necessary and file an Amended Notice of Removal by **September 9, 2015**, properly pleading a basis for this Court's diversity jurisdiction.  If the parties can agree that certain Defendants were incorrectly named in Plaintiffs' Complaint, the parties should file a Joint Motion to Dismiss the improperly sued parties.  If Defendants cannot obtain Plaintiffs' agreement on that point, Defendants' Amended Notice of Removal must plead the citizenship of all Defendants named in Plaintiffs' Complaint.

Date: August 28, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via CM/ECF:</u>**

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

John W. Tousley
THE TOUSLEY LAW OFFICE
jtousley@tousleylaw.com